HERBERT W. LOWE *v*. F. E. TROTTER, SUMNER S. PAXSON, W. C. HOBDY, GEORGE P. DENISON, RUDOLPH M. DUNCAN, R. A. McNALLY AND HARRY IRWIN, INDIVIDUALLY AND AS MEMBERS OF THE BOARD OF HEALTH OF THE TERRITORY OF HAWAII.

No. 1270.

SUBMISSION UPON AGREED STATEMENT OF FACTS.

SUBMITTED NOVEMBER 5, 1921.                    DECIDED NOVEMBER 8, 1921.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE DEBOLT
IN PLACE OF COKE, C. J., ABSENT.

MUNICIPAL CORPORATIONS—*territorial board of health—civil service employee, removal of.*

An employee of the board of health who is transferred from one of the classified services to another, each of which appointments is in a competitive class, without complying with the rules and regulations of the civil service, and without having his name upon the eligible list of aspirants for the position to which he is transferred, cannot be regarded as a civil service employee and may be discharged at any time when his services are no longer required.

SAME—*same.*

A civil service employee who abandons the position held by

him under the civil service rules and accepts another position is not at liberty to question the appointment of some duly qualified person to the position vacated by him.

OPINION OF THE COURT BY EDINGS, J.

This is a submission upon an agreed statement of facts. The record shows that prior to the adoption and promulgation of the rules and regulations of the civil service the plaintiff was an employee of the territorial board of health; that on the 22d day of May, 1914, the date upon which the said civil service rules went into effect, the plaintiff was regularly appointed to a position in the inspection service in the competitive class as a district sanitary inspector pursuant to the provisions of Rule 4 of the rules and regulations of said civil service commission; that the plaintiff continued to occupy said position at a salary of $90 per month until the month of July, 1915, when he was transferred to a position in the quarantine service at a salary of $90 per month, and that ever since said date the position prior to that time held by plaintiff as such sanitary inspector has been held by and the salary pertaining thereto paid to another; that said transfer was made without the approval of the civil service commission and was not made as a result of or pursuant to any examination of the plaintiff touching his qualification or fitness for such position; that the plaintiff continued to hold and occupy the said position in the quarantine service until the month of July, 1917, in which month he was transferred or promoted to a position in the clerical service at a salary of $125 per month; that said transfer or promotion was made without the approval of the civil service commission and without the examination provided for by Rules 12 and 13 of the said civil service commission; that the plaintiff continued to hold and occupy the said position in the clerical service up to and including the 7th day of November, 1919, when the defendants herein removed or attempted

to remove him from said position and notified him that his srvices as an employee of the board would no longer be required; that the said defendants in dismissing or attempting to dismiss the plaintiff from the clerical service of the board of health did so without filing any charges against the plaintiff either with the board of health or with the civil service commission and gave the plaintiff no opportunity to be heard in his own defense; that thereafter on the 8th day of November, 1919, the plaintiff was in fact ousted from his position in the clerical service and the position theretofore occupied in fact by him given to and filled by George A. Hapai, a civil service employee of the board of health, and which said position has ever since said date been held and occupied by the said Hapai and the said Hapai has drawn the regular salary of $150 per month pertaining to said position from the 8th day of November, 1919, to the present time; that said plaintiff on or about the 8th day of November, 1919, demanded of the said defendants that they reinstate or cause to be reinstated his name on the pay roll of the board of health and demanded that they issue or cause to be issued the regular public voucher which would enable him to obtain from the auditor a public warrant on the treasurer of the Territory of Hawaii for the payment of his salary at the rate of $150 per month from the said 8th day of November, all of which demands said defendants or the majority of them have heretofore refused; that the said plaintiff has at all times held himself ready and willing to perform the duties of the said position and that he was without employment and unable to obtain employment from the 8th day of November, 1919, to the 8th day of April, 1920.

Under these facts and circumstances the plaintiff claims that he is entitled to be restored to the position in the clerical service which he occupied on the said 7th day

of November, 1919; that he is entitled to have his name placed on the regular pay roll of the board of health as of the said 8th day of November, 1919; that he is entitled to his full salary at the rate of $150 per month from said 8th day of November, 1919, until the date when he shall by order of this court be reinstated in his said position; that the removal of the plaintiff from his employment in the civil service was illegal and void for the reason that no charges were preferred against him and no opportunity given him to be heard in his own defense; that if it should be determined that his transfer from the inspection service to the quarantine service and from the quarantine service to the clerical service was in violation of the rules and regulations of the civil service of the board of health the plaintiff is nevertheless entitled to be reinstated to the position of district sanitary inspector originally and legally assigned to him and is entitled to the salary appertaining to the said last mentioned position from the said 8th day of November to the date of his reinstatement if such reinstatement shall be ordered by this court.

Rule 4 of the civil service rules provides that the competitive class of the classified service shall be subdivided into six classes, among which, stated in the order that they were occupied by plaintiff, are found: 3, inspection service; 4, quarantine service, and 1, clerical service. This rule also provides that "appointments to the competitive class shall be made * * * by selection from among those persons graded highest on the most nearly appropriate eligible list resulting from open competitive examination." Paragraph 2 of Rule 17 provides that "It shall be the duty of the appointing officer to report to the commission in writing each selection made by him for appointment to, or employment or reinstatement in any position in the classified service, except in the non-competitive class, upon the date thereof, stating in each case

the name of the appointee or employee, the title and character of his office or employment, the date of commencement of services by virtue thereof and the amount of compensation to be paid." Paragraph 2 of Rule 2 provides that "The appointing officer shall not appoint, promote or employ any subordinate officer or employee in the classified service or in any way change the official status of any such officer or employee except in accordance with these rules, and no such appointment, promotion or employment or change of status made in contravention of any provisions of these rules shall be valid."

It would appear therefore that under the civil service rules herein quoted the plaintiff has since July, 1913, illegally, or rather in contravention of said rules, occupied two positions, first, in the quarantine service, and again in the clerical service; and that being the case it must be regarded that his employment in these positions was in the nature of an ordinary contract of employment and terminable at any time at the instance of either party for it is only by conforming to the mandates of the rules of the civil service commission that he is entitled to reap the benefits therein conferred upon its employees and of course his accepting and occupying this anomalous position for a long period of time was an abandonment of the position originally held by him under the civil service rules, which position being open and not occupied by either himself or any one else the board of health was perfectly at liberty to instate another civil service aspirant therein. Further, it appears that his appointments to the quarantine service and to the clerical service were not reported to the civil service commission as required by said Rule 17. "Const. art. 5, sec. 9, requires promotions in the civil service to be made according to merits, to be ascertained as far as practicable, by competitive examination; and Laws 1899, p. 795, c. 370, passed in pursuance thereof, provides that

telegraph operators in the city of New York shall rank as sergeants of police, and that the selections of captains shall be made from the list of sergeants. Held, that the designation of a patrolman as telegraph operator by the chief of police, intended to be permanent, was a 'promotion,' and being made without an examination was without effect; therefore he was not entitled to mandamus to compel the police commissioner to recognize him as telegraph operator of the police department." (*People* v. *Partridge,* 85 N. Y. S. 853, affirmed 179 N. Y. 530, 71 N. E. 1136.)

It would therefore appear that the plaintiff was never legally appointed to a position in the classified service either as an employee in the quarantine service or as an employee in the clerical service and that he cannot be reinstated to either of said positions.

We are therefore of the opinion that the plaintiff is not entitled to any back salary in any amount whatsoever nor is he entitled to be reinstated in any position.

*Plaintiff* in person.

*H. Irwin, Attorney General,* for defendants.